HOBBY v. FINCH AND KNAPP.

An advertisement that lands are to be sold at public auction, with the terms of the sale, etc., is a sufficient memorandum in writing within the Statute of Frauds, to hold the vendor to a performance of his agreement.

THE declaration states, that the defendants were administrators on the estate of Caleb Finch, deceased; and had obtained an order from the Court of Probate to sell at public vendue a tract of land belonging to said estate, and that, by a number of advertisements, they gave notice of the time and place of sale.    That the plaintiff attended at the time and place appointed by the defendants in their advertisements, where the conditions of the sale of said land were published and make known to the plaintiff by the defendants; which were, that the land so set up for sale, should be struck off to the highest bidder, and a deed signed and executed by the defendants to the person that should pay to them the greatest price, or become obligated to them in the largest sum of money (with surety if required), for said land.    And that the plaintiff, according to the conditions so made known, did bid the highest price for said land, and became obligated

Hobby v. Finch et al.

with surety to the defendants in the greatest sum of money of any person present at the time where said land was offered for sale as aforesaid; but that the defendants have never executed said deed according to the tenor of their promise, etc.

Mr. Sturgess, for the defendants, pleaded in bar, that the agreement mentioned in the declaration, was never reduced to writing, nor was there any memorandum or note thereof ever made in writing and signed by the defendants, or any other person by them thereunto lawfully authorized, which is made necessary by the statute "for prevention of frauds and perjuries."

Mr. Davenport and Mr. Thompson, for the plaintiff, replied, particularly describing the advertisements and conditions of sale, signed by the defendants, and that the plaintiff had fully complied with the terms therein expressed; and that, therefore, there was a memorandum, or note made in writing, of the agreement mentioned in the declaration.

On demurrer to the replication, the only question was, whether the advertisements and conditions of sale, described in the pleadings, were such a memorandum of the agreement as would save this case out of the Statute of Frauds. By which it is enacted, " That no suit in law or equity shall be brought or maintained upon any contract, or sale of lands, tenements, or hereditaments, or any interest in or concerning them; unless the agreement upon which such action shall be brought, or some memorandum or note thereof shall be made in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized."

Replication adjudged sufficient.

By the COURT.   The advertisements and conditions of sale set forth in the reply of the plaintiff, are a sufficient evidence, within the meaning of the statute, of an agreement in writing signed by the defendants, to sell the land to the highest bidder (1 Blackstone's Reports, 599, Simon v. Metivier; 3 Burr. 1921, S. C.; 1 Wilson, 118, Welford v. Beezley and others); and as the plaintiff was the highest bidder, and tendered security for payment, pursuant to the written agreement of the defendants, he has a right of action against them, for refusing a deed, which, by their agreement, they had promised to any person, complying with their terms. If an action in such case could not be sustained, it would discourage people from bidding at public auction, and render ineffectual the laws directing such disposition of estates.

ELLSWORTH, J., dissenting.     1st. Because the declaration is ill.   It doth not appear that the plaintiff paid or offered to pay, or secure the sum he bid for the land, nor that he bid any sum that could have justified the administrators in passing a deed:   Nor is there any averment of the value of the land, or any rule of damages given.   2d. The advertisement is no evidence or memorandum of the agreement on which the action is grounded.   1 Str. 426, Seagood v. Neale. The agreement was made at the time the land was bid off, and was made and expressed on the one part by the bid made for the land, and on the other part by striking it off.   Here the minds of the parties met, and the substance of the agreement, as thus expressed, was, that the plaintiff should have the land for the sum he had then bid for it, and that a deed should be executed accordingly.   The advertisement doth not express this agreement, nor either part of it; nor was any reference had to the advertisement in forming this agreement, farther, than as to the mode of payment.   That this

sale was at public auction, makes no difference.    It is as requisite by the statute that public sales of land should be guarded as private ones; and it is as easy to be done.    A memorandum of the sale might be taken in writing from the vendor, and would hardly be refused, if required at the time of the sale or agreement.    I think the statute extends to this case, and that it has not been complied with.